STATE OF CONNECTICUT *v.* RONALD N. ST. LAURENT

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 18, 1968

*John M. Byrne,* public defender, for the defendant.

*Richard A. Schatz,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, aged seventeen, pleaded guilty to an information charging him with a violation of § 53-75 of the General Statutes, which statute provides for a penalty of a fine of $500 or imprisonment for not more than one year or both. The defendant was sentenced to an indefinite term at the state reformatory at Cheshire. At the time of his sentence, the defendant was on probation as of June 21, 1966, for an offense involving breaking and entering with criminal intent (§ 53-76), wherein

he received a two- to three-year sentence to the reformatory with execution suspended and probation for three years. The instant offense involved breaking and entering the Central Baptist Church in Hartford, where the superintendent found a window had been forced open and two hammers and a screw driver had been taken out of a tool shed in the boiler room.

No claim is made that any sentences of the court were too harsh or severe. The defendant was brought into court for violation of his probation prior to the present offense but was shown leniency and the probation was not revoked, although the violation was established. Counsel for the applicant stated that the review is sought for a determination as to the maximum period of detention. As the statute under which the accused was sentenced is a misdemeanor, the maximum period of detention is not more than two years, under § 17-390 of the General Statutes.

However, the mittimus, after reciting a conviction of a violation of § 53-75 (breaking and entering without permission), states, "it being found by said court (1) that said person is now convicted by a Superior Court for an offense punishable by imprisonment in the state prison," when the finding by said court should have stated "(2) that said person is now convicted by a Superior Court of an offense for which the maximum punishment is a sentence to a jail with or without a fine." This Division has no jurisdiction to make any alteration or order in connection with the mittimus. An application could be filed with the Superior Court in Hartford County requesting the drawing of a corrected mittimus, showing the true situation. Any change made by the Superior Court in correcting the mittimus will automatically limit the maximum period of detention to two years.

The applicant is being held at the reformatory on another mittimus reciting a conviction of § 53-76 of the General Statutes on June 21, 1966, for which he was sentenced to the reformatory for a term of not less than two years nor more than three years, execution suspended and probation for three years. The mittimus recites that the probation was revoked and the original sentence was placed in effect on June 16, 1967, the same date he was sentenced to an indefinite term in the reformatory under the mittimus reciting the conviction of breaking and entering without permission. The stenographic record furnished this Division shows that the court was informed of the prior sentence but does not disclose any revocation by the court or any action taken in connection with the prior conviction. This Division has no jurisdiction in connection with ordering the withdrawal of any mittimus in the event it is found that the court took no action in revoking the probation and ordering execution of the sentence. In order to accomplish any possible aims of the applicant, no change is required to be made in the sentence.

HEALEY, BARBER and WALL, Js., participated in this decision.